**Opinion filed June 21, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00143-CR
_____

## SANTOS ALMANZA, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR36906**

## M E M O R A N D U M   O P I N I O N

Santos Almanza, Jr. appeals his conviction by a jury of the offense of aggravated robbery. The jury, finding enhancement paragraphs to be true, assessed his punishment at forty years in the Texas Department of Criminal Justice, Institutional Division. Almanza contends in a single issue on appeal that the evidence is insufficient to support a finding that he used a deadly weapon. We affirm.

The standard of review for an appellate court in evaluating the sufficiency of the evidence is to determine whether any rational finder of fact could have found the existence of the elements of the offense beyond a reasonable doubt after viewing all of the evidence in a light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Jonathan Lopez testified that, in the early morning of December 9, 2009, after he had closed down his father's bar and driven to the house of a friend, a man who had been at the bar earlier attacked him with a knife while demanding that he give him his money. He identified Almanza as his attacker. He said that Almanza had the knife to his throat. He related that, after he pulled the knife off a little, Almanza put it back toward his throat but that, instead of getting his throat, Almanza poked him right "here." He said that, after a further struggle in which he sought to choke Almanza, Lopez felt Almanza start to go down. According to Lopez, at that point, Almanza started to do "this" with the knife. He said that was when Almanza cut him "up here" on top. He indicated that, after that, he felt his face and his head get real warm with all the blood "starting to come down." Lopez testified that, when he "went like this," his whole hand was just red.

Lopez related that he was able to knock on his friend's door and that, when his friend answered, Almanza ran away. Lopez said he told his friend he had been robbed or "tried to have been robbed" and then told his friend to hurry up and call the ambulance because he did not want to die. He indicated he was scared for his life because he kept seeing blood "coming down."

Lopez testified that, at the hospital, they cleaned him up and gave him sixteen staples, as opposed to stitches. He said the injuries were painful and that he still had scars on his head and throat. Photographs were introduced, which included pictures of Lopez's blood in the street, a picture of Lopez's blood on the door of his vehicle, pictures of Lopez's blood on the driver's seat of his vehicle, and a picture of Lopez's blood on the railing of his vehicle. Other photographs introduced included a picture of the cut on Lopez's throat, the wound where Almanza poked Lopez after Lopez tried to push him off, and the cut on top of Lopez's head. Lopez said he thought he was going to die if the ambulance did not get there; he just kept seeing blood coming down in his face from his head.

We hold that the evidence is sufficient to support the conviction by showing that Lopez was robbed and showing that Almanza exhibited and used a deadly weapon. In urging that the evidence is insufficient to show that he exhibited and used a deadly weapon, Almanza notes that Lopez never described the knife, which was never discovered; that there was no testimony that the knife was a "deadly weapon" or that it was capable of causing serious bodily injury or death; and that there was no testimony that Lopez suffered serious bodily injury. Rather than citing cases where the evidence has been held insufficient to show that a knife was a deadly weapon,

2

Almanza seeks to show variances in fact from cases where the evidence was held to be sufficient.

A knife is a deadly weapon if it is designed, made, or adapted for the purpose of inflicting death or serious bodily injury or if, in the manner of its use or intended use, it is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2011). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46) (West Supp. 2011). When we consider all of the evidence, including the deep wound to Lopez's head, the wound to his throat, and the extensive bleeding he suffered, we hold that a rational jury could have found that, in the manner of its use or intended use, the knife used by Almanza was capable of causing death or serious bodily injury. Nowhere in his discussion of the insufficiency of the evidence does Almanza mention evidence of the profuse amount of blood lost by Lopez as a result of the injuries that he inflicted.

Almanza appears to assert that the evidence is insufficient because there is no expert testimony to show that the weapon he used was a deadly weapon. However, under similar facts, the Texas Court of Criminal Appeals has held that the evidence was sufficient to show a knife was a deadly weapon even without the knife being introduced into evidence and without medical testimony as to the nature of the wounds. *See Limuel v. State*, 568 S.W.2d 309, 312 (Tex. Crim. App. 1978). We overrule Almanza's sole issue on appeal.

The judgment of the trial court is affirmed.


PER CURIAM

June 21, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.